UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910  *Plaintiff*,  v.  UNITED STATES FISH AND WILDLIFE SERVICE 1849 C Street NW Washington, DC 20240  *Defendant*. | CIVIL ACTION NO. 23-3565  **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Bureau of Land Management (BLM) to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking communications and documents regarding conservation measures, reasonable and prudent measures, and terms and conditions for the piping plover, red knot, and seabeach amaranth.

2. PEER submitted a FOIA request on January 10, 2023, seeking records regarding the East Rockaway Inlet to Rockaway Inlet Coastal Storm Risk Management Project.

3. PEER submitted a second FOIA request on January 12, 2023, seeking records regarding the Long Beach Island Coast Storm Risk Management Project.

4. PEER submitted a third FOIA request on January 17, 2023, seeking records regarding the Fire Island Inlet to Moriches Inlet.

5. PEER submitted a fourth FOIA on January 18, 2023, seeking records regarding the Fire Island to Montauk Coastal Storm Risk Management Project.

6. To date, Defendant has failed to make a final determination on Plaintiff's FOIA requests or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA or provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

8. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

9. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

10. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

11. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Massachusetts, New York, and Tennessee.

12. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

13. Defendant FWS is a sub-agency of the U.S. Department of the Interior and an agency of the United States under 5 U.S.C. § 552(f)(1).

14. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a final determination on Plaintiff's FOIA request within 20 working days of the date of the requests' submissions is a violation of FOIA.

## STATEMENT OF FACTS

15. On January 10, 2023, PEER submitted a FOIA request to BLM seeking records "regarding the East Rockaway Inlet to Rockaway Inlet Coastal Storm Risk Management Project." Specifically, PEER requested:

> Internal comments, emails, messaging on any chat devices, notes, meeting minutes, memoranda, reports, and any other communications and documents regarding conservation measures, reasonable and prudent measures, and terms and conditions of the project's monitoring plans detailed in the biological opinion for the piping plover, red knot, and seabeach amaranth dated from July 1, 2019, to present.

16. The same day it was submitted, BLM assigned this FOIA request tracking number DOI-FWS-2023-001800.

17. On January 12, 2023, PEER submitted a FOIA request to BLM seeking records "regarding the Long Beach Island Coast Storm Risk Management Project." Specifically, PEER requested:

> Internal comments, emails, messaging on any chat devices, notes, meeting minutes, memoranda, reports, and any other communications and documents regarding conservation measures, reasonable and prudent measures, and terms and conditions of the project's monitoring plans detailed in the biological opinion for the piping plover, red knot, and seabeach amaranth dated from November 1, 2014, to present.

18. The same day it was submitted, BLM assigned this FOIA request tracking number DOI-FWS-2023-001863.

19. On January 17, 2023, PEER submitted a FOIA request to BLM seeking records "regarding the Fire Island Inlet to Moriches Inlet." Specifically, PEER requested:

> Internal comments, emails, messaging on any chat devices, notes, meeting minutes, memoranda, reports, and any other communications and documents regarding conservation measures, reasonable and prudent measures, and terms and conditions of the project's monitoring plans detailed in the biological opinion for the piping plover, red knot, and seabeach amaranth dated from October 15, 2014, to present.

20. The same day it was submitted, BLM assigned this FOIA request tracking number DOI-FWS-2023-001929.

21. On January 18, 2023, PEER submitted a FOIA request to BLM seeking records "regarding the Fire Island to Montauk Coastal Storm Risk Management Project." Specifically, PEER requested:

> Internal comments, emails, messaging on any chat devices, notes, meeting minutes, memoranda, reports, and any other communications and documents regarding conservation measures, reasonable and prudent measures, and terms and conditions of the project's monitoring plans detailed in the biological opinion for the piping plover, red knot, and seabeach amaranth dated from July 1, 2019, to present.

22. The same day it was submitted, BLM assigned this FOIA request tracking number DOI-FWS-2023-001957.

23. On February 15, 2023, FWS granted PEER's request for a fee waiver for DOI-FWS-2023-001800, DOI-FWS-2023-001863, DOI-FWS-2023-001929, and DOI-FWS-2023-001957.

24. On February 27, 2023, FWS combined all four requests and stated the agency will process them under DOI-FWS-2023-001800. The other three requests DOI-FWS-2023-001863, DOI-FWS-2023-001929 and DOI-FWS-2023-001957 were closed as duplicate requests.

25. On April 11, 2023, PEER contacted to agency FOIA staff to check on the status of DOI-FWS-2023-001800.

26. On April 14, 2023, agency FOIA staff stated that they will complete their record search April 21, 2023, at which time a FOIA coordinator will begin review.

27. On May 18, 2023, PEER contacted agency FOIA staff again for an update.

28. On May 19, 2023, agency FOIA staff stated records were gathered for two out of four parts of the request and began processing for an interim release.

29. On May 22, 2023, agency FOIA staff stated that an interim release would be provided, but that more records need to be reviewed. While agency FOIA staff was unable to

provide an estimated completion date, she hoped she would be able to complete review by July 31, 2023.

30. On June 1, 2023, the agency produced the first production, which consisted of currently publicly available documents.

31. On September 12, 2023, PEER emailed agency FOIA staff to check in on the status of DOI-FWS-2023-001800.

32. On September 13, 2023, agency FOIA staff stated that they were waiting on verification that all records were received by September 15, 2023.

33. On September 19, 2023, PEER again contacted agency FOIA staff to check the status.

34. On September 20, 2023, agency FOIA staff responded stating that additional records were received and that the review would begin. Agency FOIA staff stated that they would attempt to release an interim production by September 29, 2023.

35. On October 11 and October 26, 2023, PEER again emailed agency FOIA staff to check the status.

36. Since the request was submitted, PEER has yet to receive a final determination on DOI-FWS-2023-001800.

## CAUSE OF ACTION

37. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

38. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

39. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

40. Twenty working days from January 10, 2023, was June 7, 2023.

41. As of the date of this filing, Plaintiff has not received a final determination on DOI-FWS-2023-001800.

42. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its January 2023 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

43. Defendant's conduct amounts to a denial of Plaintiff's FOIA requests. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the FWS's actions and policies concerning conservation measures, reasonable and prudent measures, and terms and conditions for the piping plover, red knot, and seabeach amaranth.

44. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

45. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on November 30, 2023,

s/ *Monica Mercola*
Monica I. Mercola, DC District NY0513
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorney for Plaintiff*